**Retia E. Patterson, Plaintiff-Appellant, v. The Travelers Insurance Company, a Connecticut Corporation, Defendant-Appellee.**

Gen. No. 50,801.

First District.

October 18, 1967.

DiGrazia & Snyder, of Summit (Stanley H. Jakala, of counsel), for appellant.

Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago (William D. Maddux and John M. O'Connor, Jr., of counsel), for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The trial court allowed the defendant's motion for summary judgment on the plaintiff's suit to recover $4,000 death benefit from a group insurance policy and denied the plaintiff's companion motion for summary judgment. The basic issue to be determined here is the effective date of the policy and the effective date of the policy as to this beneficiary depends upon a determination of whether the term "compensated service" includes "vacation" pay. By denying the plaintiff's motion and allowing the defendant's motion, the trial court held that the term "vacation" pay is not included within the term "compensated service."

The group insurance policy was dated January 13, 1961, and was effective for compensated service during February and otherwise effective on March 1, 1961. The facts in the case are not in dispute. Thomas B. Patterson, the husband of the plaintiff, was a railway patrolman. His last day of actual work for the railroad was January 18, 1961. He was paid until February 2, 1961. The two days' pay for February was marked V—meaning vacation. He died on July 7, 1961, without ever returning to active service with the railroad. The plaintiff contends that the payment on February 2, 1961, made the effective date of the policy as to her decedent February 1, 1961. The defendant, on the other hand, contends that since the February payment was "vacation" pay, it is not for compensated service and that therefore the effective

date of the policy as to the decedent was March 1, 1961. Article II, ¶ 2 of the contract provides "an employee who shall have been in continuous active service . . . not less than 60 calendar days prior to the first day of the first calendar month following the execution of this policy contract and who shall have rendered compensated service within 90 days of such date shall become a 'qualifying employee' on such first day of the first calendar month following the execution of this policy contract." Paragraph six of the contract provides "an employee shall cease to be a 'qualifying employee' (a) on the last day of the calendar month during which such employee has been placed on furlough or on leave of absence or has ceased to be in continuous active service . . ." The decedent ceased to be in continuous active service on January 18, 1961.

In Florence v. Travelers Ins. Co., 59 Ill App2d 470, 208 NE2d 95, the court had occasion to consider a contract similar to this one. In that case, the employment of the insured ended on May 12, 1960, when he became disabled. The provisions of the contract provided that the insurance should continue for a period of one year after such disability which prevents him from performing work in his regular occupation but further provided "after the date the Employee has failed to render compensated service for a period of One calendar year . . ." that no employee shall be insured. In discussing the term "compensated service" the court said at page 474, "The active employment of Jessie Florence by the B. & O. ended on May 12, 1960, when he was disabled, and this was the final date upon which he 'rendered compensated services' for his employer. He retired on April 11, 1961, and he died on May 11, 1962." In that case, the court held that since the insured died on May 11, 1962, which was more than one calendar year after the last date he rendered actual and compensated service, he was not eligible to receive life insurance benefits at the time of his death.

The defendant's motion for summary judgment on this count of that complaint was affirmed. It would thus seem under the reasoning of that case that the term "compensated service" means service actually performed for which the insured is compensated. In the case at bar, there is no dispute but that January 18 was the last day upon which the insured rendered any actual service to his employer.

It should be further noted that an amendment to the policy in question was made on February 1, 1965, and that amendment provided that the policy would be effective "as to payments to the insurer on account of compensated service and vacation pay commencing with compensated service rendered and vacation pay received in February 1965, and otherwise shall be effective from March 1, 1965 . . ." The plaintiff argues that the amendment of 1965 confirms and puts into writing what was the implicit understanding between the parties prior to the 1965 amendment which was that vacation pay represents payments for working days earned by an employee. The difficulty with this position is that on July 10, 1961, the railroad forwarded its group insurance certification to the insurance company notifying it of the death of the employee and in that certification shows "compensated service last rendered January 18, 1961," and answered the question whether the employee was eligible for death benefits by putting a mark in a box headed "NO." If such an implicit understanding was actually in effect, it seems strange that the railroad company in the routine handling of claims of this type and character would indicate that they apparently did not consider vacation pay as compensated service within the terms of the policy by stating to the company that the employee was not eligible.

We would further observe that the 1961 amendment which brought the decedent's group within the terms of the policy read, "This amendment shall be effective as to payments to the insurer on account of compensated

service commencing with compensated service rendered in February 1961, and otherwise shall be effective from March 1, 1961." Unless, therefore, vacation pay can be treated as compensated service, it seems clear that the decedent rendered no actual service during February. If such was the practice, there was no occasion for the 1965 amendment expressly including vacation pay. If it was the practice to so include it, it would seem that neither the records of the railroad payroll officer nor any extraneous evidence by affidavit or otherwise supports such a practice or implicit understanding. We fail to see any ambiguity in the language above quoted. It seems clear and explicit that as to the decedent the effective date of the policy was March 1, 1961, as he rendered no compensated service in February and none thereafter.

For these reasons, the judgment of the trial court must be and it is hereby affirmed.

Affirmed.

CRAVEN, P. J. and TRAPP, J., concur.